**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| Ever Esau Canas Martinez, | ) ) ) ) | |
| Petitioner, | ) ) | 3:26-cv-01571 |
| v. | ) ) | |
| WARDEN; *et al.*, | ) ) ) | |
| Respondents. | ) ) ) ) | |

**CASE MANAGEMENT ORDER**

AND NOW, this 14th day of August 2026, IT IS HEREBY ORDERED as follows:

1.     **Service**.  The Court hereby notifies Petitioner that copies of this order and the Petition were emailed by the Court to the United States Attorney's Office for the Western District of Pennsylvania this day.  This email service is deemed sufficient to accomplish formal service of the Petition on Respondents.

2.     **Respondents' counsel notice of appearances**.  Counsel for Respondents shall file a notice of appearance within **3 days** of this date.

3.     **Respondents' responses to the petition and Motion for Temporary Restraining Order.**  The Court has reviewed the petition and supporting materials, and finds that the threshold issue concerns whether Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226, or whether he is subject to mandatory detention under 8 U.S.C. § 1225 pursuant to the interpretation set forth in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Based on its prior decisions on this issue (i.e., *Aguirre-Guevara v. Oddo*, Case No. 3:26-cv-00070, ECF No. 8 (W.D. Pa. Feb. 11, 2026); *Cova v. Rose*, Case No. 3:26- cv-00101, ECF No. 9 (W.D. Pa. Feb. 11, 2026); *Radway v. Jamison*, Case No.3:26-cv-00104, ECF No. 9 (W.D. Pa. Feb. 19, 2026); *Didi v. Warden of Moshannon Valley Ice Processing Center*, Case No. 3:26-cv-00125, ECF No. 11 (W.D. Pa. Feb. 19, 2026); *Coc Ixim v. Oddo*, Case No. 3:26-cv-0019, ECF No. 10 (W.D. Pa. Feb. 19, 2026)), the

Court tentatively intends to grant relief in the form of an individualized bond hearing before an immigration judge. If Respondents believe that there are factual or legal differences between this case and the other cases in which the Court has decided the issue, then they may file a response to the petition on or before **7 days**, identifying those differences. Responses are limited to 25 pages, double-spaced. If Respondents' position is the same as in the prior cases in which this issue has been raised and decided by the Court, they shall simply state as much in the response, cite to any response or brief previously filed on the issue in this Court, and their positions shall be deemed to be incorporated by reference into the record.

4.    **Information required in response.**  Additionally, Respondents must specifically address Petitioner's claims that Respondents have failed to provide adequate care for his known, serious medical needs. ECF No. 1 at 8; ECF No. 2 at 2–3.

DATED this 14th day of August, 2026.

BY THE COURT:

/s/ Mark R. Hornak
United States District Judge