**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EVER ESAU CANAS MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-001571 |
| v. | ) | |
| | ) | |
| WARDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE, AND CLOSING CASE ON THE DOCKET WITHOUT PREJUDICE AND RETAINING JURISDICTION**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of El Salvador, is currently detained at Moshannon Valley Processing Center. Petitioner has also filed a Motion for Temporary Restraining Order containing substantially the same requests for relief as the Petition. (ECF No. 2). He entered the United States in or around July 4, 2005, and has remained in the United States since that time. Petitioner was arrested and detained on or around June 2, 2026. The Immigration and Customs Enforcement ("ICE") agents and the local Police Officer who detained Petitioner that day determined that he was unlawfully present in the United States. Respondents rely on 8 U.S.C. § 1225(b)(2)(A) to support that detention. (ECF No. 7, at 1-2).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 addresses detention of "applicants for admission" to the United States. *Bethancourt Soto v.*

*Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). Although our Court of Appeals has yet to weigh in on this issue, this Court joins the United States Courts of Appeals for the Second, Sixth, Tenth, and Eleventh Circuits, and the overwhelming majority of district courts — numbering at least 350 — in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *Santillan Quiroz v. Mullin*, No. 26-6019 (10th Cir. June 30, 2026); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506-14 (S.D.N.Y. 2025) (collecting 350 cases). The Court's conclusion also aligns with the reasoning of Judge Lee's Opinion for the United States Court of Appeals for the Seventh Circuit. *Castanon Nava v. DHS*, 175 F.4th 828 (7th Cir. 2026). The Court concludes that those decisions supply the appropriate legal rule as to this issue in the context of this matter, as opposed to the decision reached by, for instance, the Eighth Circuit. *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In the circumstances presented, Petitioner's detention is governed by § 1226(a), and he has a right to an individualized bond hearing.

As far as Petitioner's Motion for a Temporary Restraining Order is concerned, a temporary restraining order is an extraordinary exercise of a court's authority, *Issa v. Sch. Dist.*, 847 F.3d 121, 131 (3d Cir. 2017), and to be eligible for such preliminary relief, Petitioner must at least meet the initial "gateway factors" of (1) likelihood of success on the merits, and (2) that he will suffer irreparable harm absent immediate injunctive relief. *Veterans Guardian VA Claim Consulting LLC v. Platkin*, 133 F.4th 213, 218 (3d Cir. 2025). The standard to show irreparable harm is demanding and requires Petitioner to demonstrate such harm is more likely than not to occur absent injunctive

relief. *Id*. Petitioner has not done so here. First, even if Petitioner were to be transferred from this District, this Court would not lose jurisdiction over his habeas claims, *Anariba v. Dir. Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021), and they could and would be addressed here. And while the premature removal of Petitioner from the United States would likely present serious harms, Petitioner has not established that either his transfer or removal would be more likely than not to occur absent emergency injunctive relief. Petitioner additionally alleges that he has not received medical care for serious medical conditions. (ECF No. 1 at 8; ECF No. 2 at 2). Respondents contend that Petitioner has attended at least seven medical appointments, received necessary prescriptions, and has an appointment with general surgery scheduled for September 2, 2026. (ECF No. 8 at 4). Without more, Petitioner has not demonstrated that the harm he has identified as irreparable is likely to occur without injunctive relief in the form of a temporary restraining order.

AND NOW, this 18th day of August, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. If Petitioner is released as a result of the aforementioned individualized bond hearing or otherwise, Respondents are further ORDERED to return to Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which is otherwise in their custody. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE to the extent Petitioner seeks any additional relief at this time. Petitioner's Motion for Temporary Restraining Order, (ECF No. 2), is DENIED WITHOUT PREJUDICE.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2026

CC: All counsel of record.